Marc S T Dworsky (SBN 157413)
mdworsky@reidcollins.com
REID COLLINS & TSAI LLP
7 W. Figueroa Street, Suite 300
Santa Barbara, CA 93101
Telephone: (213) 429-4022

William T. Reid (*pro hac vice*)
wreid@reidcollins.com
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy, Suite C300
Austin, TX 78746
Telephone: (512) 647-6100
Fax: (512)647-6129

Jonathan M. Kass (*pro hac vice*)
jkass@reidcollins.com
REID COLLINS & TSAI LLP
300 Delaware Avenue, Suite 770
Wilmington, DE 19801
Telephone: (302) 467-1765

Rachel S. Fleishman (*pro hac vice*)
rfleishman@reidcollins.com
Minyao Wang (*pro hac vice*)
mwang@reidcollins.com
REID COLLINS & TSAI LLP
330 West 58th Street, Suite 403
New York, NY 10019
Telephone: (212) 344-5200
Fax: (212) 344-5299

*Attorneys for Petitioner*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re** | **CASE NO. 22-** _____ |
| **OASIS FOCUS FUND LP,** | |
| **Petitioner, for an Order Pursuant to 28 U.S.C.§ 1782 to Conduct Discovery for Use in a Foreign Proceeding** | **MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF EX PARTE PETITION FOR AN ORDER TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ....................................................................................3

ARGUMENT......................................................................................................6

    I.    The Petition Satisfies the Statutory Requirements of Section 1782............6

        A.  TuSimple Is Found in the Southern District of California. ......................6

        B.  Petitioner Seeks Discovery for Use in a Foreign Proceeding. .................6

        C.  Petitioner Is an Interested Person. ...........................................................7

    II.   The Discretionary Factors Favor Granting the Petition...............................8

        A.  TuSimple Is Not a Participant in the Appraisal Proceeding. ...................8

        B.  The Cayman Court Is Receptive to U.S. Judicial Assistance. .................9

        C.  The Petition Is Not an Attempt to Circumvent Cayman Law.................11

        D.  The Discovery Sought Is Not Unduly Burdensome...............................11

    III.  Ex Parte Relief Is Warranted. ...................................................................14

CONCLUSION..................................................................................................15

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE PETITION FOR AN ORDER
TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Athos Asia Event Driver Master Fund*,
  2021 WL 1611673................................................................................7

*Illumina Cambridge v. Complete Genomics*,
  2020 WL 820327 (N.D. Cal. Feb. 19, 2020) .............................11, 14

*In re Application for an Order Pursuant to 28 U.S.C. § 1782
  to Conduct Discovery for Use in a Foreign Proceeding by Athos Asia Event
  Driver Master Fund*,
  2021 WL 1611673 (E.D. Mo. Apr. 26, 2021)............................................7

*In re Ex Parte Apple Inc.*,
  2015 WL 5838606 (S.D. Cal. Oct. 7, 2015) ............................................6

*In re Hopkins*,
  2020 WL 733182................................................................................9

*In re Koninklijke Philips N.V.*,
  2018 WL 620414 (S.D. Cal. Jan. 30, 2018)........................6, 8, 9, 11

*In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*,
  539 F.2d 1216 (9th Cir.1976)...........................................................14

*In re Michael Eric A.B. Mak*,
  2012 WL 2906761 (N.D. Cal. July 16, 2012).........................................7

*In re Mireskandari*,
  2012 WL 12877390 (S.D. Cal. Dec. 20, 2012)................................8, 13

*In re Multiflora International Ltd.*,
  2021 WL 2662122 (N.D. Cal. June 29, 2021) ........................................7

*In re Omniarch Capital Corp.*,
  2017 U.S. Dist. LEXIS (S.D. Cal. May 10, 2017)................................14

*In re Penner*,
  2017 WL 5632658................................................................................9

*In re Platinum Partners Value Arbitrage Fund L.P.*,
  583 B.R. 803 (Bankr. S.D.N.Y. 2018) ..................................................9

*In re Qualcomm Inc.*,
  2018 WL 6660068 (N.D. Cal. Dec. 19, 2018) ........................................7

*In re Veiga*,
  746 F. Supp. 2d 8, 18 (D.D.C. 2010) ....................................................7

*In re: Ex Parte Application Varian Med. Sys. Int'l AG*,
  2016 WL 1161568 (N.D. Cal. Mar. 24, 2019).............................11, 14

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ............................................................2, 8, 9, 11

*IPCom GMBH & Co. KG v. Apple Inc.*,
  61 F. Supp. 3d 919 (N.D. Cal. 2014) ...................................................................14

*Lyxor Asset Management S.A. v. Phoenix Meridian Equity Limited*,
  [2009] CILR 553 ..................................................................................................9

*Palantir Techs, Inc. v. Abramowitz*,
  415 F. Supp. 3d 907 (N.D. Cal. 2019) ..................................................................9

**Statutes and Rules**

28 U.S.C. § 1782(a) (2018) ..........................................................................*passim*

Fed. R. Civ. P. 26(b)(1) ...........................................................................................12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE PETITION FOR AN ORDER
TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Petitioner Oasis Focus Fund LP, a Delaware limited partnership, hereby respectfully petitions this Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") authorizing Petitioner to take documentary discovery and Rule 30(b)(6) deposition testimony from TuSimple Holdings, Inc. ("TuSimple" or "Respondent") for use in an appraisal proceeding (the "Appraisal Proceeding") pending in the Cayman Islands in which the Financial Services Division of the Grand Court of the Cayman Islands (the "Cayman Court") will determine the fair value of Petitioner's shares in Sina Corporation ("Sina" or the "Company"). Sina is a Chinese company, incorporated in the Cayman Islands, that was recently taken private in a merger transaction (the "Merger") for a share price that Petitioner contends was woefully inadequate. Petitioner has dissented under Cayman law and is pursuing the Appraisal Proceeding to recover the full value of its Sina shares.

This Petition is supported by the Declaration of Samuel Martin Dawson, a Cayman Islands attorney, (the "Dawson Decl."), and the Declaration of Minyao Wang, a U.S. attorney (the "Wang Decl.").

## PRELIMINARY STATEMENT

Petitioner has brought this Petition to obtain discovery pursuant to Section 1782 for use in the Appraisal Proceeding. Sina is a large shareholder of TuSimple, an autonomous truck driving company headquartered in San Diego. The valuation of Sina's stake in TuSimple was therefore a material part of the consideration for the Merger. In connection with the Merger, Morgan Stanley Asia Limited ("MS Asia") valued Sina's stake in TuSimple at US$186 million to US$288 million. But only one month after the Merger closed, TuSimple went public on the Nasdaq exchange at a valuation implying multiples of that value. An affiliate of MS Asia was a lead underwriter in that IPO.

The discovery Petitioner seeks from TuSimple is directly relevant to the central issue the Cayman Court must decide in the Appraisal Proceeding: the fair value of

Petitioner's (and the other dissenting shareholders') Sina shares. Because the Cayman Court does not have jurisdiction over TuSimple, it cannot order discovery from Respondent. However, the Cayman Court will permit litigants to use evidence obtained through U.S. courts by means of Section 1782. Accordingly, Petitioner brings this Petition to obtain discovery from TuSimple, who is subject to the jurisdiction of this Court, to assist the Cayman Court in determining the fair value of Petitioner's Sina shares.

The Petition satisfies the statutory requirements of Section 1782 in that: (i) TuSimple is found in this District; (ii) the requested discovery is "for use" in a foreign proceeding; and (iii) Petitioner is an "interested person." 28 U.S.C. § 1782(a) (2018). As such, whether to grant the Petition is a decision left to the discretion of this Court. In *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241 (2004), the Supreme Court identified four non-exclusive factors that a district court may consider in deciding whether to grant discovery under Section 1782. *Id* at 264. Each of those factors weighs in favor of granting the Petition.

*First*, TuSimple is neither a party to the Appraisal Proceeding nor subject to the jurisdiction of the Cayman Court. As a result, Petitioner cannot as a practical matter use the Cayman legal process to compel discovery from TuSimple.

*Second*, the Cayman Court is receptive to the assistance afforded by American courts through Section 1782. The Cayman Court has emphasized that judges need access to *all* available information concerning valuation to determine the fair value of shares in an appraisal proceeding, including evidence from outside the Cayman Islands.

*Third*, the Petition is not an attempt to circumvent any restrictions imposed by Cayman law on proof gathering. Far to the contrary, the scope of discovery is broad under Cayman law and Cayman courts welcome the introduction of foreign evidence through Section 1782.

*Fourth*, the discovery Petitioner is seeking is not unduly burdensome. It is instead designed to obtain information directly relevant to the critical issues in the Appraisal Proceeding: the fair value of Sina's stake in TuSimple, the valuation of TuSimple for purposes of its IPO, why that market-tested valuation differed so dramatically from the valuation provided by MS Asia to Sina (and the investing public) in support of the Merger, and whether any valuation was inappropriately tainted by bias or conflict of interest.

In sum, TuSimple has information in its possession, custody, or control that is directly relevant to the central issue in the Appraisal Proceeding. The Petition satisfies the requirements of Section 1782 and the *Intel* factors, and should therefore be granted.

## STATEMENT OF FACTS

Sina is a technology company incorporated in the Cayman Islands with its headquarters in Beijing, China. In April 2000, the Company completed its initial public offering and was listed on the Nasdaq market. Sina shares were traded in the United States until the Merger closed on or around March 24, 2021.

In late September 2020, Sina entered into a definitive Merger agreement to be taken private by a buyout group controlled by its chairman, Charles Guowei Chao, for a price of US$43.30 per share. Wang Decl. Ex. B at 7. The Merger was negotiated by the Company's special committee of purportedly independent directors, but all members of that committee apparently had long-standing close personal ties to Mr. Chao. While Mr. Chao owned only about 14.7% of Sina's equity, he held more than 61.1% of its voting power via his preferred shares. Wang Decl. Ex. C at 1. Because of this effective disenfranchisement of Sina's non-insider shareholders, Mr. Chao's Merger proposal was for all intents and purposes a *fait accompli* if Mr. Chao was permitted to vote his preference shares. During the negotiation process for the Merger, Mr. Chao rejected the inclusion of a "majority of the minority" provision to

the Merger agreement. *Id*. at 30. Had such a democratic provision been included, Mr. Chao's ability to essentially dictate the outcome of the shareholders' vote would have been negated and the Merger could only have been consummated if a majority of the shares not controlled by Mr. Chao had voted in favor of the Merger. When the Company held an extraordinary general meeting of shareholders in December 2020 to consider the Merger, Mr. Chao encountered significant opposition. More than half of the non-insider shareholders either did not vote or voted affirmatively against approval of the Merger. Mr. Chao was able to push the Merger through only by virtue of his disproportionate super-voting rights.

Petitioner contends in the Appraisal Proceeding that US$43.30 per share was a grossly unfair price that drastically understated the true value of the Company in a multitude of ways, one of which is directly relevant to this Petition: The valuation of TuSimple provided by MS Asia to Sina to justify the Merger consideration diverged sharply from the market-tested valuation of TuSimple in an IPO on the Nasdaq stock exchange, which was completed only one month after the closing of the Merger.

Sina first invested in TuSimple in 2015 in its Series A fundraising. It made further investments, including in December 2018 when it made an investment of $95 million in a private placement. That investment reflected a valuation of $1 billion for TuSimple. SINA invested in TuSimple through Sun Dream Inc. ("Sun Dream"), an entity ultimately controlled by Mr. Chao. This fact confirms that Mr. Chao is the dominant player who controls Sina and orchestrated the Merger.

By December 2020, when Sina shareholders were asked to approve the Merger, Sina owned approximately 55.21 million shares of TuSimple and was its largest shareholder. Wang Decl., Ex. F at 65, 134. Reflecting the importance of Sina's stake in TuSimple, both Mr. Chao and Sina's then-CFO, Bonnie Yi Zhang, sat (and apparently still sit) on TuSimple's board of directors. *Id*. Ex. E at 143-144.

In support of the Merger, Sina submitted to the Securities and Exchange Commission a report from MS Asia valuing Sina's stake in TuSimple between

US$186 million to US$288 million (using book value and a 30 percent discount to the valuation used for a 2019 private placement). Ex. B at 615 and 623. This equated to only US$3.94 per Sina share.

However, at the same time the Merger was being negotiated and finalized with the critical involvement of MS Asia, TuSimple was in the final stages of preparing for its initial public offering on the Nasdaq. An affiliate of MS Asia, Morgan Stanley & Co. LLC ("MSC"), was serving as TuSimple's lead underwriter. Ex. E at 182 (identifying underwriters). On December 23, 2010 (the same date that Sina shareholders were asked to vote to approve the Merger), TuSimple filed a confidential registration statement with the SEC, *see* Ex. F. And on April 14, 2021, less than one month after the Merger closed, TuSimple sold approximately 27 million shares for US$40 per share during its initial public offering. Ex. E at 1. At US$40 per share, Sina's 55.21 million shares of TuSimple equated to US$2.2 billion, which was equivalent to US$36.80 per Sina share. This market-tested valuation of Sina's shares in was *nine* times MS Asia's meager valuation of US$3.94 per Sina share in connection with the Merger.

Petitioner has dissented from the Merger under Cayman law. In connection with the Appraisal Proceeding, Petitioner (and the other dissenting shareholders) and the Company will each retain a valuation expert to assist the Cayman Court in arriving at a fair valuation of Sina shares. Dawson Decl. ¶¶16, 22. Cayman law permits litigants to obtain discovery from third parties located in the Cayman Islands, but Cayman courts do not have the power to compel discovery from third parties that are not subject to the jurisdiction of the Cayman Islands, like TuSimple, which is incorporated in Delaware and headquartered in California. *Id*. ¶¶23-25.

In light of the above facts, Petitioner seeks necessary discovery from TuSimple relating to its valuation, both arising from its IPO and its earlier private placements, its communications with Sina regarding its IPO and the Merger, its relationship with

Mr. Chao and Sun Dream, and its retention of MSC as an underwriter for its IPO.

Accordingly, Petitioner seeks leave of this Court to serve a subpoena on TuSimple for documents and Rule 30(b)(6) deposition testimony for use in the Appraisal Proceeding.

## ARGUMENT

**I.    The Petition Satisfies the Statutory Requirements of Section 1782.**

A petitioner under Section 1782 must make three threshold showings: (i) the respondent "resides" or is "found" in the judicial district where the petition is brought; (ii) the requested discovery is "for use in a proceeding in a foreign or international tribunal;" and (iii) the petitioner is an "interested person." 28 U.S.C. § 1782(a). The Petition satisfies all three requirements.

### A. <u>TuSimple Is Found in the Southern District of California.</u>

For purposes of Section 1782, a corporation is "found" in a judicial district where it is headquartered. *In re Koninklijke Philips N.V.*, 2018 WL 620414, at *2 (S.D. Cal. Jan. 30, 2018) ("Respondent maintains its principal place of business in San Diego, California, which is located within the Southern District of California."); *In re Ex Parte Apple Inc.,* 2015 WL 5838606, at *2 (S.D. Cal. Oct. 7, 2015) (because Qualcomm was headquartered in San Diego, it was "found" in this District). Here, official records maintained by the Secretary of State of California establish that TuSimple maintains its principal place of business at 9191 Towne Centre Drive in San Diego and TuSimple's website lists that address as its corporate headquarters.[1] Wang Decl. Ex. D. Therefore, this first statutory requirement is met.

### B. <u>Petitioner Seeks Discovery for Use in a Foreign Proceeding.</u>

Petitioner seeks the requested discovery for use in the Appraisal Proceeding. Courts in the United States have held that appraisal actions in the Cayman Islands satisfy the statutory requirement for a "foreign proceeding." *See, e.g.*, *In re*

---

[1] *See* https://www.tusimple.com/contact <accessed January 21, 2022>

1  *Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use*

2  *in a Foreign Proceeding by Athos Asia Event Driver Master Fund*, 2021 WL

3  1611673, at *2 (E.D. Mo. Apr. 26, 2021) (dissenting shareholders in a Cayman

4  appraisal case "clearly seek discovery of materials 'for use' in a foreign

5  proceeding.").

6      To satisfy the statutory "for use" requirement, a petitioner is not required to

7  demonstrate that the discovery sought will be admissible in the foreign proceeding.

8  *In re Michael Eric A.B. Mak*, 2012 WL 2906761, at *1 (N.D. Cal. July 16, 2012)

9  (whether the proposed discovery "would be admissible in Hong Kong's Courts is

10  therefore not an issue in the instant request for discovery."); *see also In re Multiflora*

11  *International Ltd.*, 2021 WL 2662122, at *3 (N.D. Cal. June 29, 2021) ("courts

12  should 'generally refrain' from determining whether the requested discovery will be

13  admissible in the foreign proceedings") (quoting *In re Veiga*, 746 F. Supp. 2d 8, 18

14  (D.D.C. 2010)). "It is enough under § 1782 that some avenue exists for [Petitioner]

15  to introduce the evidence it seeks to discover." *In re Qualcomm Inc.*, 2018 WL

16  6660068, at *2 (N.D. Cal. Dec. 19, 2018). Here, Oasis seeks documents and

17  deposition testimony from TuSimple to assist its expert in analyzing the fair value of

18  Sina's stake in TuSimple. It is possible that Oasis may seek to present some of the

19  discovery to the Cayman Court. *See* Dawson Decl. ¶¶ 15, 22. This is more than

20  sufficient to satisfy the second statutory requirement.

21        ## C. **Petitioner Is an Interested Person.**

22      A dissenting shareholder who is a party to a Cayman appraisal action is plainly

23  an "interested person." *Athos Asia Event Driver Master Fund*, 2021 WL 1611673, at

24  *3 ("Petitioners are interested parties in the foreign tribunal because each is a

25  dissenting shareholder and a party to the Cayman Islands Appraisal Proceeding.").

26  This final statutory requirement is also satisfied.

27

28

## II.    The Discretionary Factors Favor Granting the Petition.

Once Section 1782's statutory requirements are met, this Court should consider whether in the exercise of its discretion the Petition should be granted. *Intel,* 542 U.S. at 264. The Supreme Court has set forth four non-exhaustive factors for courts to consider: (1) whether the respondent is a participant in the foreign proceeding; (2) the nature and character of the foreign tribunal and the receptivity of the foreign tribunal to U.S. judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery requests are unduly intrusive or burdensome. *In re Mireskandari,* 2012 WL 12877390, at *2 (S.D. Cal. Dec. 20, 2012). (applying the *Intel* factors). All four *Intel* factors strongly favor granting the Petition.

### A.    TuSimple Is Not a Participant in the Appraisal Proceeding.

The Supreme Court has explained that when a respondent is not a party to the foreign proceeding, "[its] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. That is precisely the situation here: TuSimple is not a party to the Appraisal Proceeding and is also beyond the jurisdictional reach of the Cayman Court. Dawson Decl. ¶¶23-25. Therefore, absent recourse to discovery via Section 1782, Petitioner has no practicable way to gain access to TuSimple's highly relevant documents or testimony. *Id*. As such, the first *Intel* factor strongly supports granting the Petition. *Koninklijke Philips*, 2018 WL 620414, at*2 ("Here, Respondent is not a party to the foreign proceeding. Thus, this factor weighs in favor of granting the Application."); *Mireskandari*, 2012 WL 12877390, at *3 (first *Intel* factor favored disclosure because "[a]lthough Dr. Scoma served as an expert in that [foreign] proceeding and his opinion provided the basis

1  for the Tribunal's decision to deny the request for adjournment, he is not subject to

2  the English court's jurisdiction.").

3  ## B. The Cayman Court Is Receptive to U.S. Judicial Assistance.

4  Under the second *Intel* factor, courts may "take into account the nature of the

5  foreign tribunal, the character of the proceedings underway abroad, and the

6  receptivity of the foreign government or the court or agency abroad to U.S. federal-

7  court judicial assistance." *Intel*, 542 U.S. at 264. Here, the fact that Cayman courts

8  are receptive to using evidence obtained through U.S. discovery procedures weighs

9  heavily in favor of granting the Petition. *See* Dawson Decl., ¶¶10-11, 21.[2] Multiple

10  U.S. courts have recognized that "Cayman courts are in fact receptive to evidence

11  obtained through U.S. discovery procedures, even if such evidence may not be

12  discoverable under Cayman law." *In re Platinum Partners Value Arbitrage Fund*

13  *L.P.*, 583 B.R. 803, 816 (Bankr. S.D.N.Y. 2018) (citing *Lyxor*); *see also In re*

14  *Hopkins*, 2020 WL 733182, at *3 (N.D. Cal. Feb. 13, 2020) (stating "[t]here is no

15  indication that the Cayman Islands court would not be receptive to the information

16  sought from [respondent]" and citing cases that approved Section 1782 applications

17  for Cayman legal proceedings.); *In re Penner*, 2017 WL 5632658, at *3 (D. Mass.

18  Nov. 22, 2017) (Cayman court "is open to receiving § 1782 discovery"). Indeed, the

19  Cayman Court of Appeal expressly held in *Lyxor Asset Management S.A. v. Phoenix*

20  *Meridian Equity Limited*, [2009] CILR 553, that the right to obtain full discovery via

21

22  [2] Most courts apply a presumption that the foreign tribunal will be receptive to

23  receiving evidence obtained under Section 1782 unless the respondent affirmatively demonstrates otherwise. *Koninklijke Philips*, 2018 WL 620414, at *2 ("When the

24  parties do not provide evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery."). As one court in this

25  Circuit has put it, for this *Intel* factor to count against discovery, respondent must

26  provide "authoritative proof" of the foreign court's lack of receptivity to Section 1782

27  evidence. *Palantir Techs, Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019).

28

Section 1782 "is a right conferred by U.S. law-it is *not a right* conferred by, or *to be withheld under Cayman law*." Dawson Decl. ¶¶12-13 (citing opinion and emphasis added).

Cayman courts have a particularly strong basis for receiving foreign discovery in appraisal proceedings because Cayman courts expressly disclaim any expertise in valuation and rely heavily upon the evidence and testimony presented by the parties' valuation experts. *Id.* ¶17. As an appellate Cayman opinion explained, the "sole task of the Court is to determine the fair value of the dissenters' shares. To do that, *it needs all information*." *Id*. ¶¶ 17-18 (citing opinion and emphasis added). As such, any evidence that has a bearing on fair value, including evidence from outside of the Cayman Islands, will be considered by Cayman courts. *Id*.

In various recent appraisal cases, Cayman Courts have entered discovery orders that expressly contemplate the possibility that dissenting shareholders will obtain discovery in the United States via Section 1782. *Id*. ¶19 (attaching orders). Indeed, in this Appraisal Proceeding, the parties submitted a proposed discovery order that likewise contemplates that the dissenting shareholders will seek discovery from third parties in the United States. *Id*. ¶20. The fact that the Cayman Court has repeatedly entered discovery orders contemplating that parties will seek discovery from third parties in the United States by means of Section 1782 demonstrates that it is receptive to such evidence.

Thus, the second *Intel* factor weighs heavily in favor of granting the Petition.

### C. **The Petition Is Not an Attempt to Circumvent Cayman Law.**

The third *Intel* factor asks "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *See Intel*, 542 U.S. at 244-45. This factor is satisfied unless the foreign court affirmatively disallows the petitioner from obtaining the discovery sought. *In re Koninklijke Philips*, 2018 WL 620414, at *2 (The third *Intel* factor met because "Applicant is unaware of any English rule or policy that prohibits the gathering of the evidence sought.").

The Cayman Court has not denied a request for the discovery sought by this Petition; as noted previously, Petitioner cannot as a practical matter seek this discovery from the Cayman Court which lacks jurisdiction over TuSimple.[3] Thus, an order from this Court granting the Petition would not be interpreted by the Cayman Court as a circumvention of Cayman procedures. Dawson Decl. ¶11.

### D. **The Discovery Sought Is Not Unduly Burdensome.**

Under the fourth *Intel* factor, a court may consider whether the discovery requests are "unduly intrusive or burdensome" and should be "rejected or trimmed." *Intel*, 542 U.S. at 265. The standard used to evaluate burdensomeness is the same standard that applies to any federal civil litigation. *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *5-6 (N.D. Cal. Mar. 24, 2019) ("The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure."). Under this standard, discovery must be "proportional to the needs of the case, considering the importance of the issues at

---

[3] There is no requirement under Section 1782 that a petitioner must first apply to the foreign court for discovery. *Illumina Cambridge v. Complete Genomics*, 2020 WL 820327, at *6 (N.D. Cal. Feb. 19, 2020) (noting that courts have "refused to engraft a quasi-exhaustion requirement onto section 1782 that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court.") (internal quotation marks and citation omitted).

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (citing Fed. R. Civ. P. 26(b)(1)). The discovery Petitioner seeks from TuSimple fully complies with this standard.

The central issue the Cayman Court must determine in the Appraisal Proceeding is the fair value of shares of Sina stock. The discovery that Oasis seeks from TuSimple is designed to obtain relevant information on that precise issue: the fair value of Sina shares. As such, the discovery Oasis seeks is incontestably integral to the Appraisal Proceeding.

There is a massive and unexplained difference in the price that MS Asia assigned to Sina's stake in TuSimple in connection with the Merger and the price that TuSimple's shares fetched in the stock market less than one month after the Merger was concluded. Specifically, Sina's SEC filings in connection with the Merger represented that its stake in TuSimple was worth only $3.94 per Sina share, but only one month later, TuSimple completed an IPO in which its shares were sold for $40.00 a share, which was equivalent to US$36.80 per Sina share. Oasis therefore seeks documents related to these sharply divergent valuations. An IPO underwriter helps the company prepare for the IPO and create registration statements and prospectuses for potential investors, describing the business of the company, the planned use for the capital raised by the IPO, the basics of the IPO, and any legal issues the company may have. In the course of preparing for an IPO, therefore, an underwriter is legally required to do considerable due diligence. In connection with its IPO, TuSimple must have provided to MSC information about its business, operations and financial condition and prospects that would be material to public investors. Oasis seeks production of those documents for use in the Appraisal Proceeding. In the same vein, Oasis seeks valuation documents provided to investors in earlier private placements.

In addition, given that Mr. Chao and Ms. Zhang were on the TuSimple board when the company's IPO was contemplated and completed (and they are still on the TuSimple board), Oasis should be allowed to obtain discovery regarding any communications between TuSimple on the one hand and Sina, Sun Dream, Mr. Chao and/or Ms. Zhang on the other hand regarding both TuSimple's IPO and the Merger. Any such communications may explain the reason for the glaring discrepancy in the valuations assigned one month apart to TuSimple.

Oasis should also be granted access to information concerning MSC's engagement as the lead underwriter in the TuSimple IPO considering the critical role being played contemporaneously by MSC's affiliate, MS Asia, as the advisor to the special committee of Sina's board that negotiated and approved the Merger proposal. Indeed, MS Asia provided the low-ball valuation of Sina's stake in TuSimple. Discovery concerning MSC's engagement may show the extent to which MSC was involved in pricing TuSimple's stock for its IPO and whether the engagement was inappropriately tainted by bias and conflicts of interest.

In addition to seeking this universe of highly relevant documents, Oasis seeks to depose a corporate representative of TuSimple regarding the topics covered by Oasis's document production requests. This District has expressly recognized that a deposition in the context of a Section 1782 application may be warranted. *Mireskandari*, 2012 WL 12877390, at *4 ("The Court finds that these deposition topics are appropriate, as they are relevant to Applicant's claim."). A deposition is amply justified here given the sharp unexplained difference in the valuation of TuSimple and the relevance of this difference to the Appraisal Proceeding. Oasis should be entitled to ask a corporate representative of TuSimple to explain its divergent valuation numbers which were only one month apart, the decision to retain MSC as the lead underwriter for the IPO, and the relationship between Mr. Chao, Sun Dream, and TuSimple. There is no plausible reason to complain that such a

deposition regarding clearly relevant topics is unduly burdensome. Indeed, "depositions of corporate officers are standard practice in U.S. civil litigation and are not burdensome." *Illumina Cambridge*, 2020 WL 820327, at *10 (denying a motion to quash a deposition subpoena in a Section 1782 request).[4]

### III.    **Ex *Parte* Relief Is Warranted.**

Petitioner submits that proceeding *ex parte* under Section 1782 is appropriate here. Section 1782 applications are routinely reviewed and granted *ex parte* in this Circuit. *See In re Omniarch Capital Corp.*, 2017 U.S. Dist. LEXIS at *5 (S.D. Cal. May 10, 2017) (Section 1782 applications "are customarily received and appropriate action taken with respect thereto *ex parte*" because respondents can later "exercise[] their due process rights by motions to quash the subpoenas.") (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir.1976)).

TuSimple will suffer no prejudice should this Court approve this Petition *ex parte*. The *ex parte* process provides for "adequate notice of any discovery taken pursuant to the request" and "the opportunity [for the target of discovery] to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); *see also Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *2 (granting *ex parte* application and stating that "orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*."). Accordingly, this Petition should be granted *ex parte*.

---

[4] It goes without saying that Oasis will work with Respondent to minimize any logistical burdens arising from the ongoing COVID-19 pandemic, including potentially taking the deposition through a remote electronic platform.

**CONCLUSION**

TuSimple is a key repository of evidence that is directly relevant to the central issue in the Appraisal Proceeding. Given TuSimple's relationships with Sina and Mr. Chao, it is fair and reasonable to deploy Section 1782 to compel TuSimple to produce evidence necessary to resolve the Appraisal Proceeding. While the Cayman Court will welcome the introduction of this highly relevant evidence, it lacks the jurisdiction necessary to order the discovery itself. But this Court has the jurisdiction and the authority to order TuSimple to provide the discovery that Petitioner is requesting.

For all of the foregoing reasons, the Court should grant this Petition and authorize Petitioner to serve a subpoena pursuant to 28 U.S.C. § 1782 on TuSimple in the form set forth as Exhibit A to the Wang Decl. for production of documents and a Rule 30(b)(6) deposition, and grant such other and further relief as the Court deems just and proper.

DATED: January 21, 2022          REID COLLINS & TSAI LLP

By */s/ Marc Dworsky*

Marc Dworsky (SBN 157413)
mdworsky@reidcollins.com
REID COLLINS & TSAI LLP
7 W. Figueroa Street, Suite 300
Santa Barbara, CA 93101
Telephone: (213) 429-4022

William T. Reid (*pro hac vice*)
wreid@reidcollins.com
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy, Suite C30
Austin, TX 78746
Telephone: (512) 647-6100
Fax: (512)647-6129

Jonathan M. Kass (*pro hac vice*)
jkass@reidcollins.com
REID COLLINS & TSAI LLP
300 Delaware Avenue, Suite 770
Wilmington, DE 19801

1

Telephone: (302) 467-1765

2

Rachel S. Fleishman (*pro hac vice*)
rfleishman@reidcollins.com

3

Minyao Wang (*pro hac vice*)
mwang@reidcollins.com

4

REID COLLINS & TSAI LLP
330 West 58th Street, Suite 403

5

New York, NY 10019
Telephone: (212) 344-5200

6

Fax: (212) 344-5299

7

*Attorneys for Petitioner*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE PETITION FOR AN ORDER
TO TAKE DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782